**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLOMBIA**

ANDREW QUENTIN TAAKE,

      Plaintiff,

      v.

UNITED STATES OF AMERICA, et al.,

      Defendants.

Civil Action No. 25-3029 (EGS)

**REPLY IN FURTHER SUPPORT OF COMBINED MOTION FOR PARTIAL
DISMISSAL AND TRANSFER OF VENUE**

**TABLE OF CONTENTS**

Table of contents ....................................................................................................................... ii

Table of Authorities .................................................................................................................. iii

Argument ................................................................................................................................... 1

I.     The United States Is Not Responsible For The Acts Or Omissions Of The District of Columbia Metropolitan Police Department Nor Metropolitan Police Officer Tate .......................................................................................................................... 1

II.    The United States Has Not Waived Sovereign Immunity for Plaintiff's Claims ... 4

    A.    All Constitutional Tort Claims Regarding Acts Taken In An Official's Official Capacity Must Be Dismissed; The United States Is The Only Proper Defendant Under The FTCA .......................................................... 5

    B.    Plaintiff Has Failed to Exhaust Administrative Remedies Regarding Many of His Allegations ...................................................................... 6

    C.    The Court Lacks Subject Matter Jurisdiction for Any Claim Against The United States or it Agencies Under Section 1983 ...................................... 8

III.    Plaintiff Has Not Stated A *Bivens* Claim ............................................................. 10

    A.    Plaintiff Has Not Sued Any Defendant In Their Individual Capacity ...... 10

    B.    Plaintiff's claims present a new *Bivens* context ...................................... 10

    C.    Alternative Remedy Structures Are In Place, Precluding An Implied *Bivens* Remedy .......................................................................................... 12

    D.    Plaintiff Fails to State a Claim Against Defendants Peters and Bondi ..... 12

    E.    Defendants Peters is entitled to qualified immunity. ............................... 14

IV.    Plaintiff's Complaint Should Be Transferred to the Middle District of Pennsylvania ......................................................................................................... 14

Conclusion .............................................................................................................................. 16

**TABLE OF AUTHORITIES**

**Cases**

*Aftab v. Gonzalez*,
　597 F. Supp. 2d 76 (D.D.C. 2009) ...................................................................................... 14

*Ashcroft v. Iqbal*,
　556 U.S. 662 (2009) ........................................................................................... 10, 12, 13

*Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*,
　403 U.S. 388 (1971) ............................................................................................................ 9

*Blakely v. United States*,
　276 F.3d 853 (6th Cir. 2002) ............................................................................................. 6

*Carlson v. Green*,
　446 U.S. 14 (1980) ........................................................................................................... 11

*Davis v. United States*,
　196 F.Supp.3d 106 (D.D.C. 2016) ................................................................................ 4-5

*Detar v. United States*
　174 F. Supp. 3d 566 (D.D.C. 2016) .................................................................................. 6

*Dunlop v. Munroe*,
　7 Cranch 242, 3 L.Ed. 329 (1812) .................................................................................. 13

*Egbert v. Boule*,
　142 S. Ct. 1793 (2022) ................................................................................................ 11, 12

*Grand Lodge of Fraternal Order of Police v. Ashcroft*
　185 F. Supp. 2d 9–14 (D.D.C. 2001) ................................................................................ 2

*Green v. Carlson*,
　581 F.2d 669 (7th Cir. 1978) ........................................................................................... 11

*Hammond v. Fed. Bureau of Prisons*,
　740 F. Supp. 2d 105 (D.D.C. 2010) .................................................................................. 5

*Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries*,
　284 F. Supp. 2d 15 (D.D.C. 2003) ................................................................................. 1-2

*Hui v. Castaneda*,
　559 U. S. 799 (2010) ........................................................................................................ 12

*Jara v. Smith, Case No.*
　Civ. A. No. 23-1359 (APM), 2024 WL 4024645 (D.D.C. Sept. 4, 2024) .............................. 10

*Kingman Park Civic Ass'n v. Gray*,
　27 F. Supp. 3d 142 (D.D.C. 2014) ..................................................................................... 4

*Kisela v. Hughes*,
   138 S.Ct. 1148 (2018) ................................................................................................ 14

*Kline v. Republic of El Salvador*,
   603 F. Supp. 1313 (D.D.C. 1985) ................................................................................ 4

*Lewis v. Bayh*,
   577 F. Supp. 2d 47 (D.D.C. 2008) ............................................................................... 9

*Martinez v. City of W. Sacramento,*
   No. 216CV02566TLNJDP, 2021 WL 1212737 (E.D. Cal. Mar. 31, 2021) ............................. 3

*Mathis v. Geo Grp., Inc.*,
   535 F. Supp. 83 (D.D.C. 2008) .................................................................................... 15

*Miango v. Dem. Rep. Congo*,
   243 F. Supp. 3d 113 (D.D.C. 2017) .............................................................................. 8

*Middlebrooks v. Godwin Corp.*,
   722 F. Supp. 2d 82 (D.D.C. 2010) ................................................................................ 4

*Monell v. New York City Dept. of Social Servs.*,
   436 U.S. 658 (1978) .......................................................................................... 13, 14

*Morris v. U.S. Sentencing Comm'n*,
   62 F. Supp. 3d 67 (D.D.C. 2014) ............................................................................ 12-13

*Murphy v. United States*,
   121 F. Supp. 2d 21 (D.D.C.2000) ............................................................................. 5, 7

*Pappas v. D.C.*,
   513 F. Supp. 3d 64 (D.D.C. 2021) ........................................................................ 4, 13-14

*Parker v. United States,*
   No. CV 20-0430 (ABJ), 2020 WL 10486669 (D.D.C. Oct. 21, 2020) ................................. 15

*Pearson v. Callahan*,
   555 U.S. 223 (2009) ................................................................................................. 14

*Perkins v. Vance-Cooks*,
   886 F. Supp. 2d 22 (D.D.C. 2012) ................................................................................ 4

*Robertson v. Sichel*,
   127 U.S. 507–516 (1888) ........................................................................................... 13

*Settles v. U.S. Parole Comm'n*,
   429 F.3d 1098 (D.C. Cir. 2005) .................................................................................... 8

*Smith v. United States*,
   157 F.Supp.3d 32 (D.D.C. 2016) ................................................................................ 7, 8

*Texas v. Kleinert*,
    143 F. Supp. 3d 551 (W.D. Tex. 2015) ................................................................ 3

*United States v. Brown*,
    76 F.4th 1073 (8th Cir. 2023) .............................................................................. 2

*United States v. Luna*,
    649 F.3d 91 (1st Cir. 2011) ........................................................................... 2-3, 3

*United States v. Nelson*,
    579 F. Supp. 3d 1251 (D.N.M. 2022) .................................................................. 3

*Wannall v. Honeywell, Inc.*,
    775 F.3d 425 (D.C. Cir. 2014) ........................................................................... 1

*Williams v. United States*,
    396 F.3d 412 (D.C. Cir. 2005) ........................................................................... 9

*Ziglar v. Abbasi*,
    137 S. Ct. 1843 (2017) ............................................................................... 11, 12

**Statutes, Regulations, & Rules**

18 U.S.C. §§ 111, 1114 ....................................................................................... 2, 3

28 U.S.C. § 1391 ............................................................................................... 14, 15

28 U.S.C. § 1404 ..................................................................................................... 14

28 U.S.C. § 2679 ..................................................................................................... 4

28 U.S.C. §§ 2679 ................................................................................................... 4

42 U.S.C. § 1983 ................................................................................................. 5, 6

Fed. R. Civ. P. 4 .................................................................................................... 10

Fed. R. Civ. P. 10 .................................................................................................... 1

Defendants, the United States of America, the Acting Attorney General, and the Director of the Bureau of Prisons ("BOP"), by and through undersigned counsel, respectfully submit the following reply in further support of their combined motion to dismiss and to transfer this action to the Middle District of Pennsylvania. ECF No. 9.  For the reasons stated below, Plaintiff's Opposition does not successfully rebut Defendants' arguments.  Thus, the Court should dismiss the claims for which no federal court has jurisdiction, or which were not plausibly alleged, and transfer the remainder of this case to the Middle District of Pennsylvania.

## ARGUMENT

**I.    The United States Is Not Responsible For The Acts Or Omissions Of The District of Columbia Metropolitan Police Department Nor Metropolitan Police Officer Tate**

As demonstrated by Defendants' Motion, neither the District of Columbia's Metropolitan Police Department ("MPD") nor MPD officer, Nathan Tate, were named as defendants to this action in the caption of the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 10(a) or served with a summons and copy of the complaint, and, even if they were, the United States is not responsible for the actions of either party.  Defs.' Mot. (ECF No. 9) at 13-14 (citing Fed. R. Civ. P. 10(a); District of Columbia Official Code §2-531 *et seq*.).

As a threshold matter, Plaintiff's Opposition does not address his failure to include either MPD or Officer Tate in the caption of the complaint, the fact that no summons were issued or served for MPD or Officer Tate, or the fact that MPD and Officer Tate cannot be considered defendants if they are not included in the caption or served.  *See generally*, Pl's Opp'n (ECF No. 12).  Having failed to address these arguments, Plaintiff has conceded these issues.  *Wannall v. Honeywell, Inc.*, 775 F.3d 425, 428 (D.C. Cir. 2014); *see also Hopkins v. Women's Div., Gen. Bd. of Glob. Ministries,* 284 F. Supp. 2d 15, 25 (D.D.C. 2003) (Walton, J.) ("It is well understood in this Circuit that when a plaintiff files an opposition to a dispositive motion and addresses only

certain arguments raised by the defendant, a court may treat those arguments that the plaintiff failed to address as conceded." (citations omitted)), *aff'd* 98 Fed. Appx. 8 (D.C. Cir. 2004).

Plaintiff's Opposition focuses, instead, on his theory that MPD and Officer Tate were agents of the United State for the purposes of the Federal Tort Claims Act ("FTCA") because they were allegedly acting as agents of the United States pursuant to a Memorandum of Understanding ("MOU") and because Plaintiff was indicted under a federal statute that criminalizes assaults on federal officers.  Pl's Opp'n (ECF No. 12) at 10-13.  Plaintiff's argument fails for several reasons, and the allegations against MPD and Officer Tate should not be considered allegations against the United States for the purposes of Plaintiff's FTCA claims.  First, it is Plaintiff's burden to plead jurisdictional facts, such as the existence of a waiver of sovereign immunity for the actions of Officer Tate, *Grand Lodge of Fraternal Order of Police v. Ashcroft,* 185 F. Supp. 2d 9, 13–14 (D.D.C. 2001), but the Complaint does not plausibly allege that MPD or Officer Tate meet the criteria for being considered a "federal officer" for the purposes of the FTCA, *see generally*, Compl. (ECF No. 2-1).  The closest that the Complaint comes is in the conclusory assertion that "[o]n January 6, 2021, the MPD of Washington, D.C., were agents of the U.S. Government under a pre-existing Memorandum of Understanding to assist the U.S. Capitol Police." *Id.* ¶ 24.  But the Complaint contains no other allegations regarding MPD's or Officer Tate's status on January 6, 2021 (or later when Officer Tate provided sworn statements to a federal court) that demonstrate that they were federal officers for the purposes of the FTCA.

Plaintiff's brief is correct that courts have considered certain state and local law enforcement officials to be federal officers for the purposes of federal statutes, most notably for assault or murder of a federal officer under 18 U.S.C. §§ 111, 1114, *United States v. Brown*, 76 F.4th 1073, 1077-78 (8th Cir. 2023) (assault of a federal officer); *United States v. Luna*, 649 F.3d

91, 102-03 (1st Cir. 2011) (assault of an officer); *United States v. Nelson*, 579 F. Supp. 3d 1251, 1259 (D.N.M. 2022) (attempted murder of a United States employee or officer), but also in the context of criminal charges against law enforcement officials or suits for damages, *Texas v. Kleinert*, 143 F. Supp. 3d 551, 570 (W.D. Tex. 2015), *aff'd*, 855 F.3d 305 (5th Cir. 2017) (local police officer entitled to Supremacy Clause immunity); *Martinez v. City of W. Sacramento*, No. 216CV02566TLNJDP, 2021 WL 1212737, at *1 (E.D. Cal. Mar. 31, 2021) (FTCA claims dismissed and Westfall certification for local police officer in federal taskforce upheld). But the analysis in those cases looked at details related to how the officer in question was conferred with federal authority and whether and how the officers were engaged in the performance of federal duties at the time the conduct at issue in the case occurred. *Luna*, 649 F.3d at 102-03; *Martinez*, 2021 WL 1212737, at *5; *Kleinert*, 143 F. Supp. 3d at 562. Plaintiff's conclusory assertion that "[o]n January 6, 2021, the MPD of Washington, D.C., were agents of the U.S. Government under a pre-existing Memorandum of Understanding to assist the U.S. Capitol Police," *id.* ¶ 24, is insufficient to meet his burden of demonstrating that Officer Tate was functioning as a federal officer at the time he encountered Plaintiff on January 6, 2021, let alone that Officer Tate was a federal official at any other point during the events alleged in the Complaint. For this reason alone, this Court does not have jurisdiction over any claims related to the actions of MPD or Officer Tate.

Second, the Complaint does not plausibly allege that Officer Tate should be considered a federal officer for the purpose of the FTCA as a result of Plaintiff's conviction for assaulting him under 18 U.S.C. §§ 111, 1114. *See generally*, Compl. (ECF No. 2-1). In fact, neither the criminal code sections nor the terms "federal officer" or "officer or employee of the United States" appear in the Complaint. *Id.* Plaintiff advances this theory as to why the United States should be considered liable for the actions of Officer Tate for the first time in his Opposition brief. But a

- 3 -

party cannot "amend his or her complaint by the briefs in opposition to a motion to dismiss." *See Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 160 n. 7 (D.D.C. 2014); *Perkins v. Vance-Cooks*, 886 F. Supp. 2d 22, 29 n. 5 (D.D.C. 2012) ("It is settled law in this circuit that a plaintiff may not raise new allegations in this manner."); *Middlebrooks v. Godwin Corp.*, 722 F. Supp. 2d 82, 87 n. 4 (D.D.C. 2010) ("[P]laintiff failed to include these allegations in her complaint, and plaintiff may not amend her complaint by the briefs in opposition to a motion to dismiss."); *Pappas v. D.C.*, 513 F. Supp. 3d 64, 81 n.5 (D.D.C. 2021) (declining to consider new allegations raised in briefing).

Because the allegations in the Complaint are insufficient to demonstrate that Plaintiff has met his burden of establishing that there is a waiver of sovereign immunity for suit against the United States for the actions of MPD or Officer Tate, the case should be dismissed as to any such claims.

## II.    The United States Has Not Waived Sovereign Immunity for Plaintiff's Claims

As demonstrated by Defendants' Motion, the United States has not waived sovereign immunity for Plaintiff's tort claims for several reasons.  First, the FTCA does not waive the federal government's immunity from suit for constitutional torts that may be committed by its employees. Defs.' Mot. (ECF No. 9) at 14-15 (citing 28 U.S.C. §§ 2679(b)(1), (b)(2); *Kline v. Republic of El Salvador*, 603 F. Supp. 1313, 1317 (D.D.C. 1985)).   Second, to the extent that Plaintiff sought to allege tort claims against federal officers or agencies under the FTCA, those claims must be dismissed because the United States is the only proper defendant in an FTCA claim.  Defs.' Mot. (ECF No. 9) at 17-18 (citing 28 U.S.C. § 1346(b)(1); 28 U.S.C. § 2679(a); *Davis v. United States*, 196 F.Supp.3d 106, 110 n.2 (D.D.C. 2016)).   Third, Plaintiff failed to properly exhaust administrative remedies regarding a large portion of his claims, which deprives this Court of

- 4 -

jurisdiction over the unexhausted claims. Defs.' Mot. (ECF No. 9) at 18-21 (citing 28 U.S.C. § 2675(a); *Hammond v. Fed. Bureau of Prisons*, 740 F. Supp. 2d 105, 111 (D.D.C. 2010); *Murphy v. United States,* 121 F. Supp. 2d 21, 27 (D.D.C.2000), *aff'd,* 64 F. App'x 250 (D.C. Cir. 2003)). Fourth, 42 U.S.C. § 1983 does not provide a waiver of sovereign immunity for claims against the federal government. Defs.' Mot. (ECF No. 9) at 16-17 (citing *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007)). Plaintiff's Opposition attempts to rebut all of these arguments in one manner or another, but none of Plaintiff's arguments prevail.

> **A.     All Constitutional Tort Claims Regarding Acts Taken In An Official's Official Capacity Must Be Dismissed; The United States Is The Only Proper Defendant Under The FTCA**

As demonstrated by Defendants' Motion, all claims for money damages for alleged constitutional torts allegedly committed by government officials in their official capacities and all purported *Bivens* claims based on acts allegedly committed by officials in their official capacities must be dismissed for lack of jurisdiction because the United States has not waived of sovereign immunity for alleged constitutional violations. Defs.' Mot. (ECF No. 9) at 14-15. Defendants' Motion also explained that, for related reasons, Plaintiff's claims against the Attorney General and Former BOP Director in their official capacities are, under law, claims asserted against the United States and must be dismissed. *See id.* (citing *Atchison v. District of Columbia*, 73 F.3d 418, 424 (D.C. Cir. 1996)); *id.* at 17-18. Plaintiff's Opposition does not appear to squarely address whether the Attorney General and Former BOP Director could be FTCA defendants. *See generally*, Pl's Opp'n (ECF No. 12). If anything, Plaintiff attempts to defend the inclusion of former Attorney General Bondi and Former BOP Director Peters as *Bivens* defendants. Pl's Opp'n (ECF No. 12) at 26-33. For the reasons stated in Part III.D below, those arguments lack merit.

**B.      Plaintiff Has Failed to Exhaust Administrative Remedies Regarding Many of His Allegations**

As explained in Defendants' Motion, a generous reading of the materials Plaintiff submitted to BOP in connection with his administrative claims is that he exhausted claims for assault and battery in connection with his medical treatment, negligence in connection with his medical care, and conversion.  Defs.' Mot. (ECF No. 9) at 18-21 (citing Exs. 1-5 (ECF Nos. 9-1 to 9-5)).  As a result, Plaintiff did not exhaust administrative remedies claims for malicious prosecution, abuse of process, or any other tort connected with his treatment by federal officials or aspects of his incarceration other than his medical care.  *Id.*  Moreover, Plaintiff has not demonstrated that he submitted an SF-95 or any other materials satisfying the FTCA's presentment requirements (which are jurisdictional) to any Department of Justice component other than BOP. *Id.* at 21.  Exhaustion is jurisdictional in the case of the FTCA, *Detar v. United States*, 174 F. Supp. 3d 566, 569 (D.D.C. 2016), and Plaintiff bears the burden of pleading jurisdiction, Defs.' Mot. (ECF No. 9) at 11-12 (citing *Grand Lodge,* 185 F. Supp. 2d at 13–14).[1]

Plaintiff's Opposition argues that Plaintiff did submit SF-95s to BOP (while he was unrepresented by counsel) and that these should be sufficient to exhaust all of the claims he has attempted to bring in this civil action because they "gave the United States notice of the essential facts of his ordeal" and "the administrative claim need not articulate every possible legal theory or ancillary claim arising from the same set of operative facts" – particularly in the case of *pro se*

---

[1]      Plaintiff cites to a Sixth Circuit case in support of the proposition that exhaustion is not jurisdictional for the FTCA.  Pl's Opp'n (ECF No. 12) at 16 (citing *Blakely v. United States*, 276 F.3d 853 (6th Cir. 2002)).  The case holds no such thing.  *Blakely*, 276 F.3d at 864 ("Plaintiffs failed to exhaust their administrative remedies in a timely fashion in accordance with the Federal Torts Claims Act ("FTCA") prior to bringing the instant claim against the government, which deprived the district court of jurisdiction to entertain their claims.").

litigants.  Pl's Opp'n (ECF No. 12) at 16.  Plaintiff's argument fails both on its own terms and in light of decision by other courts in this district.

First, none of the SF-95 forms that Plaintiff submitted to BOP make allegations of fact regarding his treatment at or near the Capitol on January 6, 2021, or his arrest and prosecution, let alone make claims for torts in connection with those events.  *See* Exs. 1-5 (ECF Nos. 9-1 to 9-5). Thus, to the extent that Plaintiff alleges that his "ordeal" includes events connected with his treatment on January 6, 2021, his arrest, and his prosecution, the materials he presented to BOP do not alert the agency to those claims.  Plaintiff's Opposition makes no effort to argue that he submitted any SF-95s to BOP or any other component of the Department of Justice other than the ones attached to Defendants' Motion, and those SF-95s clearly do not exhaust any claim connected with Plaintiff's treatment on January 6, 2021, his arrest, or his prosecution.

Second, as explained in Defendants' Motion, a claimant under the FTCA (like Plaintiff) is required to exhaust all claims and cannot exhaust certain claims at the administrative level and then add on to his claims in a federal civil complaint. Defs.' Mot. (ECF No. 9) at 19 (citing *Murphy*, 121 F. Supp. 2d at 27).  Plaintiff clearly failed to meet his burden of pleading that this Court has jurisdiction over claims for malicious prosecution, abuse of process, or any other tort connected with Plaintiff's treatment by federal officials outside of the BOP facility in which he was incarcerated or aspects of his incarceration other than his medical care.  Courts in this district consistently find that a civil complaint is not the place to add onto the claims presented to the agency.  For example, the court in *Smith v. United States*, 157 F.Supp.3d 32 (D.D.C. 2016) dismissed a negligence claim under the FTCA where the claim in the civil complaint differed dramatically from the one claimed at the administrative level.  The court wrote (in part):

> Here, Plaintiff's inclusion of "negligence" on his SF-95 failed to provide the requisite notice. Within a text box titled "Basis of Claim," Plaintiff wrote: "The

> *above described acts* constituted fraudulent misrepresentation, conspiracy, collusion, forgery, malfeasance, theft and *negligence*." As discussed, those "above described acts" were the Medical Center's Employees' alleged forgery of [the decedent's] signature and their supposed aid to his nieces in stealing his personal property. *Id.* Nothing in the SF-95 adequately apprised the agency of Plaintiff's alternative factual basis for a claim: that the agency employees merely witnessed Smith executing the documents in question and in so doing violated Medical Center policy.

> Plaintiff also contends that, in addition to identifying "negligence" on his SF-95, he placed the agency on notice of his negligence claim by attaching ten pages of various documents to the SF-95. The court disagrees. . . . None of the documents imply, let alone expressly state, that the Medical Center Employees merely served as witnesses to Smith's testamentary acts. If anything, the attached materials reinforce the allegation of intentional misconduct stated in the SF-95, as they draw attention to [the decedent's] nieces and his supposedly compromised medical condition at the time he executed the relevant documents.

*Smith v. United States*, 157 F. Supp. 3d 32, 39 (D.D.C. 2016) (cleaned up). The court in *Smith* concluded by finding that "because the SF-95 and the documents attached to it did not adequately apprise the agency of the negligence claims that Plaintiff now asserts in his Complaint, this court lacks subject matter jurisdiction to consider them." *Id.* The same analysis applies here to the claims that Plaintiff attempts to assert beyond those which appear in the SF-95s he presented to BOP.

### C.    The Court Lacks Subject Matter Jurisdiction for Any Claim Against The United States or it Agencies Under Section 1983

As demonstrated by Defendants' Motion, Plaintiff's section 1983 claim fails because that statutory provision does not waive sovereign immunity for suit against the United States or its agencies. Defs.' Mot. (ECF No. 9) at 16 (citing *Dye v. United States*, 516 F. Supp. 2d 61, 71 (D.D.C. 2007); *Miango v. Dem. Rep. Congo*, 243 F. Supp. 3d 113, 134 (D.D.C. 2017); *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1105 (D.C. Cir. 2005)). In response, Plaintiff's Opposition argues that "[w]hen federal officers act together or conspire with state officials to deprive an individual of his constitutional rights, they may be considered to have acted under color of state

law for § 1983 purposes." Pl's Opp'n (ECF No. 12) at 18 (citing *Williams v. United States*, 396 F.3d 412, 414-15 (D.C. Cir. 2005); *Lewis v. Bayh*, 577 F. Supp. 2d 47, 57 n.5 (D.D.C. 2008)).  But the cases that Plaintiff cites do not demonstrate that he can state a section 1983 claim against the Attorney General or the Director of BOP.

The court in *Williams* dismissed 1983 claims against a special police officer at a federal agency because he "was a federal official, not a D.C. official. Only the federal government gave him the power to make arrests for violations of D.C. law; the District of Columbia had no authority over him and thus did not 'exercise ... coercive power' through him." *Williams*, 396 F.3d at 415. The court in *Lewis* dismissed a pro se litigant's claims against a sitting U.S. Senator and, in a footnote, stated that because "the plaintiff contends that the defendant colluded with state officials, the court does not dismiss the plaintiff's § 1983 claims out of hand." *Lewis*, 577 F. Supp. 2d at 57 (cleaned up).  In addition to the statement in *Lewis* being footnote dicta in a district court case, there are no plausible allegations in this matter that the Attorney General or the BOP Director were acting under color of state law in this case and, as discussed above, the Complaint fails to demonstrate that the United States is responsible for the actions of Officer Tate.

Plaintiff also appears to urge the Court to view section 1983 claims as being interchangeable with claims under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  Pl's Opp'n (ECF No. 12) at 19-20.  Plaintiff is incorrect.  *Bivens* and section 1983 are distinct claims, and the Court should view them as such.  *Cf. Williams*, 396 F.3d at 416 (D.C. Cir. 2005) ("As Williams's counsel acknowledged at oral argument, Williams could have brought an action against Hardwick under [*Bivens*]. The district court, however, declined to construe Williams's section 1983 claim as a *Bivens* claim—a decision Williams does not challenge here.") (cleaned up).  Plaintiff's section 1983 claim should be dismissed.

- 9 -

### III.    Plaintiff Has Not Stated A *Bivens* Claim

#### A.    Plaintiff Has Not Sued Any Defendant In Their Individual Capacity

As a threshold matter, Defendants explained that Plaintiff had not stated a *Bivens* claim because the Complaint contains no allegations regarding acts taken by federal official defendants acting in their individual capacities, nor did Plaintiff serve Defendant Peters under Rule 4.  Defs.' Mot. (ECF No. 9) at 23-24 (citing *Pollack v. Meese*, 737 F. Supp. 663, 666 (D.D.C. 1990); Fed. R. Civ. P. 4; *Jara v. Smith*, Case No. 23-CV-1359 (APM), 2024 WL 4024645 (D.D.C. Sept. 4, 2024)).  Plaintiff's Opposition argues that he was not required to serve Defendants Bondi or Peters in their individual capacities because they were "named as defendants in their official capacities." Pl's Opp'n (ECF No. 12) at 35.  This admission in and of itself should resolve the question of whether Plaintiff has stated a *Bivens* claim, as *Bivens* specifically created a cause of action against federal officials acting in their individual capacities.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (finding that a plaintiff in a *Bivens* action "must plead that each Government-official defendant, through his own individual actions, has violated the Constitution").  If Plaintiff concedes that he did not even attempt to state a claim against Defendants Bondi or Peters in either official's individual capacity (and did not serve process on either), then he cannot state a claim under *Bivens*.[2]

#### B.    Plaintiff's claims present a new *Bivens* context.

Next, Defendants' Motion demonstrated that, even if the Court liberally construed the Complaint and overlooked the lack of personal jurisdiction created by Plaintiff's failure to serve Defendant Peters (which it should not), Plaintiff's claims still presented new *Bivens* contexts.

---

[2]    As discussed, Plaintiff does not name Officer Tate as a defendant in the caption of the Complaint, as required under Rule 10, and there is no evidence that Plaintiff personally served Officer Tate under Rule 4.

Defs.' Mot. (ECF No. 9) at 24-27 (citing *Ziglar v. Abbasi*, 137 S. Ct. 1843, 1859 (2017); *Egbert v. Boule,* 142 S. Ct. 1793, 1801 (2022); *Carlson v. Green*, 446 U.S. 14 (1980)).  Specifically, the only constitutional claim mentioned in the Complaint that is even vaguely similar to the existing *Bivens* scenarios relates to Plaintiff's assertion that his treatment in prison, particularly his medical treatment, violated the Eight Amendment—but even that claim is only superficially similar to the deliberate indifference claim related to the death of an inmate recognized in *Carlson*.  *Id.* Plaintiff's Opposition does not seriously engage with this argument and, instead, offers the conclusory assertion that "Plaintiff's medical claim is materially indistinguishable" from the one in *Carlson* and states, without citation to any relevant legal authority, that "Recent circuit decisions confirm that claims involving BOP officials' deliberate indifference to medical needs— particularly the administration of wrong or inadequate treatment—remain viable under *Carlson* when the allegations track the core facts of inadequate prison medical care."  Pl's Opp'n (ECF No. 12) at 25-26.  These conclusory arguments do not demonstrate that Plaintiff's claim that he was erroneously injected with the wrong hormone, resulting in physical effects but not fatality, is more than superficially similar to the *Carlson* context, particularly in light of the Supreme Court's demonstrated reluctance to find sufficient parallels between more recent claims and those in *Bivens*, *Passman* or *Carlson*.  Defs.' Mot. (ECF No. 9) at 25-26.[3]

---

[3]    In addition to the difference between the fatal failure to treat asthma (*Carlson*) and the alleged erroneous injection of a hormone that caused the development of mammary tissue in a male (this case), which was discussed in Defendants' Motion, the Plaintiff in *Carlson* brought suit against the individual medical practitioners who failed to treat the asthma and otherwise provided improper medical care leading to the inmate's death, as well as the BOP director.  *Green v. Carlson*, 581 F.2d 669, 671 (7th Cir. 1978).

**C.**     **Alternative Remedy Structures Are In Place, Precluding An Implied *Bivens* <u>Remedy</u>**

Next, Defendants' Motion demonstrated that, because Plaintiff's claims present a new context and alternative remedies are available to Plaintiff, the Court should not find that a *Bivens* remedy is available in this case. Defs.' Mot. (ECF No. 9) at 21-23, 27-31 (citing *Ziglar*, 137 S. Ct. at 1865; *Egbert*, 142 S.Ct. at 1804; *Hui v. Castaneda*, 559 U. S. 799, 806 (2010)). Specifically, the FTCA is an alternate remedy available to Plaintiff (though he was still required, as discussed above, to properly exhaust any claims before pursuing them in federal court). Defs.' Mot. (ECF No. 9) at 27-31. Plaintiff essentially ignores this argument and chooses, instead, to engage in a pages-long discussion about whether he thinks that the Supreme Court actually meant to limit the availability of *Bivens* and whether Congress did or does approve. Pl's Opp'n (ECF No. 12) at 20-24. Plaintiff chooses not to engage with *Ziglar*, *Egbert*, and the other cases cited by Defendants because they so clearly demonstrate that there are no *Bivens* remedies available to Plaintiff for his claims. *See* Defs.' Mot. (ECF No. 9) at 21-23, 27-31. All of the claims that Plaintiff attempts to roll into *Bivens* sound in tort, Compl. (ECF No. 2-1) ¶¶ 183-200 (alleging facts going to libel/slander, false prosecution, assault and battery, and false imprisonment claims). Because the FTCA was available to Plaintiff to pursue those claims, Supreme Court precedent makes clear that *Bivens* should not be expanded to these new contexts.

**D.**     **<u>Plaintiff Fails to State a Claim Against Defendants Peters and Bondi</u>**

Defendants' Motion also demonstrated that Plaintiff had not stated a *Bivens* claim against Defendants Peters and Bondi because the Complaint contains no allegations against them for actions taken in their individual capacities (and expressly states that Plaintiff is suing former Attorney General Bondi in her capacity as Attorney General). Defs.' Mot. (ECF No. 9) at 31-33 (citing *Iqbal*, 556 U.S. at 676; *Morris v. U.S. Sentencing Comm'n*, 62 F. Supp. 3d 67, 75 (D.D.C.

2014), *aff'd*, 696 F. App'x 515, 516 (D.C. Cir. 2017)).  Plaintiff's Opposition argues that Director Peters is a proper defendant because "The Complaint alleges her personal involvement through her policymaking authority over BOP medical care, training, and oversight of facilities where such egregious errors occurred" and suggests that this is all Plaintiff was required to allege at the pleading stage.  Pl's Opp'n (ECF No. 12) at 26.  Plaintiff makes similar arguments about Attorney General Bondi's connection to the acts of Department of Justice prosecutors.  Pl's Opp'n (ECF No. 12) at 27-33.  Plaintiff cites no legal authority supporting his position.

*Iqbal* is abundantly clear that there is no such thing as "policymaking authority" or "supervisory liability." Specifically, the Supreme Court in *Iqbal* stated that "[b]ased on the rules our precedents establish, respondent correctly concedes that Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior." *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009); *see also Monell v. New York City Dept. of Social Servs.*, 436 U.S. 658, 691 (1978) (finding no vicarious liability for a municipal "person" under 42 U.S.C. § 1983); *see also Dunlop v. Munroe,* 7 Cranch 242, 269, 3 L.Ed. 329 (1812) (a federal official's liability "will only result from his own neglect in not properly superintending the discharge" of his subordinates' duties); *Robertson v. Sichel,* 127 U.S. 507, 515–516 (1888) ("A public officer or agent is not responsible for the misfeasances or positive wrongs, or for the nonfeasances, or negligences, or omissions of duty, of the subagents or servants or other persons properly employed by or under him, in the discharge of his official duties").  "Because vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676.  In addition, in the case of Attorney General Bondi, Plaintiff is attempting to amend his complaint through briefing, which is not permitted.  *Pappas*, 513 F. Supp. 3d at 81

- 13 -

n.5.  Finally, Plaintiff's suggestion that he has brought a claim under *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658 (1978) is unavailing.  Pl's Opp'n (ECF No. 12) at 35-36.  *Monell* involved a claim under section 1983 against a local government.  *Monell*, 436 U.S. at 660-61.  The federal BOP is not part of a local government and, as discussed, there is no action under color of state law at issue in this case.

### E.    Defendants Peters is entitled to qualified immunity.

Finally, Defendants' Motion demonstrated that, even if Plaintiff had properly stated a *Bivens* claim against Defendant Peters (which he did not), she would be entitled to qualified immunity.  Defs.' Mot. (ECF No. 9) at 33-34 (citing *Kisela v. Hughes*, 138 S.Ct. 1148, 1152 (2018) (*per curiaum*); *Pearson v. Callahan*, 555 U.S. 223, 232, 235 (2009)).  Plaintiff's Opposition argues (without legal citation) that qualified immunity does not apply to medical decisions.  Pl's Opp'n (ECF No. 12) at 38-39.  Though Defendants do not accept Plaintiff's premise regarding the applicability of qualified immunity to medical decisions, the Complaint contains no allegations supporting the plausible inference that Defendant Peters made any medical decisions or omissions regarding Plaintiff.  *See generally*, Compl. (ECF No. 2-1).  Thus, Plaintiff's argument fails on its own terms.

### IV.    Plaintiff's Complaint Should Be Transferred to the Middle District of Pennsylvania

As demonstrated by Defendants' Motion, this civil action does not belong in the District of D.C., particularly once the unexhausted tort claims are dismissed, and should be transferred to the Middle District of Pennsylvania.  Defs.' Mot. (ECF No. 9) at 34-40 (citing 28 U.S.C. § 1391(e); *Aftab v. Gonzalez*, 597 F. Supp. 2d 76, 81 (D.D.C. 2009); 28 U.S.C. § 1404(a)).

Specifically, Defendants explained that this case could have been brought in the Middle District of Pennsylvania because Plaintiff's exhausted tort claims relate to his treatment at USP

Allenwood and the medical care he received from Dr. Edinger, the Clinical Director at the facility. Defs.' Mot. (ECF No. 9) at 36 (citing 28 U.S.C. § 1391(e)(1)).  Next, Defendants explained that transfer to the Middle District of Pennsylvania is proper because the balance of public and private interests weighs in favor of transfer, as Plaintiff does not reside in his chosen district and few if any relevant events occurred in the District of Columbia, Defs.' Mot. (ECF No. 9) at 36-38 (citing *Poindexter v. D.C. Dep't of Corr.*, 892 F. Supp. 2d 104, 107 (D.D.C. 2012)); the Defendants' chosen district is where Plaintiff's claims arose and where most of the witnesses and evidence reside, Defs.' Mot. (ECF No. 9) at 38 (citing *Bourdon v. Dep't of Homeland Sec.*, 235 F. Supp. 3d 298, 305 (D.D.C. 2017); *Parker v. United States*, No. CV 20-0430 (ABJ), 2020 WL 10486669, at *3 (D.D.C. Oct. 21, 2020)); the key witnesses regarding Plaintiff's allegations do not reside in the District of Columbia and most reside in the Middle District of Pennsylvania, Defs.' Mot. (ECF No. 9) at 38-39 (citing *Thomas v. United States*, Civ. A. No. 24-0404 (RDM), 2024 WL 2167624, at *2 (D.D.C. May 10, 2024); *Mathis v. Geo Grp., Inc.*, 535 F. Supp. 83, 87 (D.D.C. 2008)); and relevant documentary material are located in Pennsylvania, Defs.' Mot. (ECF No. 9) at 39 (citing *Thomas*, 2024 WL 21267624, at *2; *Parker*, 2020 WL 10486669, at *4).

Plaintiff's Opposition to Defendants' transfer request focuses on the events and witnesses connected to his allegations regarding Officer Tate and the circumstances surrounding his arrest and prosecution.  Pl's Opp'n (ECF No. 12) at 40-47.  But, as demonstrated, Plaintiff did not exhaust any tort claims in connection with his treatment on January 6, 2021, or his prosecution, and he has not named Officer Tate as a defendant in this action or served any defendant individually under Rule 4.  Because the only claims that Plaintiff arguably exhausted are those related to events occurring in Pennsylvania, his arguments in favor of keeping venue in this judicial district lack merit.  Plaintiff also argues at various points that some of his allegations pertain to events that

- 15 -

occurred in BOP facilities in Texas, which is also his state of residence. Pl's Opp'n (ECF No. 12) at 42, 45. As noted in Defendants' Motion, Defendants agree that a judicial district in Texas would also be a proper venue. Defs.' Mot. (ECF No. 9) at 35-36, n.7. However, this case does not belong in the District of Columbia.

## CONCLUSION

For the foregoing reasons, the Complaint should be dismissed as to all but the exhausted FTCA claims and the remainder of the civil action should be transferred to the Middle District of Pennsylvania.

Dated: July 10, 2026
       Washington, DC

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney


By: _____*/s/ Sian Jones*_____
    SIAN JONES, D.C. Bar #1024062
    Assistant United States Attorney
    601 D Street, NW
    Washington, D.C., 20530
    (202) 252-2578

*Attorneys for the United States of America*